ELECTRONICALLY FILED
5/30/2018 9:39 AM
57-CV-2018-900159.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
JODY SELLERS, CLERK

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| M▇▇▇▇ M▇▇▇▇, a minor, suing by and through her mother and next friend, ASHLEY COLLINS, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF PHENIX CITY, ALABAMA, a municipal corporation, OFFICER JAY GEIGER, badge number 130, and DEFENDANTS X,Y,Z, whose names are otherwise unknown to the plaintiff, but will be added hereto by amendment when ascertained. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 57-CV-2018-_____ |

## COMPLAINT

**COMES NOW** the Plaintiff in the above-captioned matter and by and through her undersigned attorney of record file this, her Complaint as follows:

1. The Plaintiff is a resident of the State of Alabama and a minor child who is bringing this cause of action, pursuant to Rule 17(c), Alabama Rules of Civil Procedure, by and through her mother and next of friend; Ashley Collins under the authority of the Code of Alabama, §6-5-390.

2. Ashley Collins is the natural mother of the Plaintiff, and adult over the age of nineteen (19) and a resident of the State of Alabama.

3. The City of Phenix City, Alabama (hereinafter the "City"), is upon information and belief a municipal corporation operating within the State of Alabama and Russell County.

4. The Phenix City Police Department (hereinafter "PCPD") is, upon information and belief, that division of the City responsible for the enforcement of State and local laws within the jurisdiction of the City.

5. Jay Geiger (hereinafter "Geiger") is an officer employed by the Phenix City Police department and was so employed at all times relevant hereto and at all times relevant hereto

acting according to the official policy or accepted practice of the Phenix City Police Department.

6. That on or about September 18, 2017, Geiger intentionally and willfully, physically assaulted the Plaintiff by pulling her from an automobile and slamming her to the ground.

7. That on or about September 18, 2017, Geiger intentionally and willfully, physically assaulted the Plaintiff by spraying her in the eyes and about the face with a substance referred to as "freeze plus p".

8. That on or about September 18, 2017, Geiger, without sufficient cause of justification, held the Plaintiff against her will.

9. That Defendants X, Y and Z and such other fictitious names as may be necessary, are those individuals, entities, employees, agents, assigns or unknown actors whose names are not currently known by the Plaintiffs but who may at some time be determined to be a true party in interest, a party with direct, indirect, implied or express culpability for the damages caused to the Plaintiff or any damages that may arise or become known in the future resulting from the acts complained of herein, or a party with direct, indirect, implied or express liability for the damages caused to the Plaintiff or any damages that may arise or become known in the future resulting from the acts complained of herein.

10. At all times relevant to this action, Defendants **Geiger** and/or X,Y,Z, were acting within the scope of their responsibilities as an employee and/or agent of the City and/or X,Y,Z and were at all times relevant hereto acting according to the official policy or accepted practice of the Phenix City Police Department..

11. On or about the 18th day of September, 2017, Geiger arrived at the Russell County Juvenile Court where he signed an affidavit stating that "On or about September 18, 2018 at around 0230 hours, Ms. M█████ struck officer Geiger in the face with her foot while she was being placed in the backseat of a patrol car."

12. On or about the 18th day of September, 2017, based on Geiger's affidavit, a juvenile delinquency petition was issued against the Plaintiff for the offense of Assault 3rd degree.

13. On or about the 18th day of September, 2017, based on Geiger's affidavit, a juvenile delinquency petition was issued against the Plaintiff for the offense of Resisting Arrest.

14. On or about the 18th day of September, 2017, the said juvenile petitions were assigned case numbers 57-JU-2004-000644.03 and 57-JU-2004-000644.04 by the Russell County Juvenile

Court Clerk and the matter was assigned to the Honorable Zach Collins, Juvenile Court Judge.

15. On or about 21st day of November, 2017, said juvenile petitions were served and executed upon the Plaintiff and she was required to appear in the Russell County Juvenile Court and answer to the petition.

16. On or about 21st day of February, 2018, Judge Collins called the case for trial and heard the evidence presented by the State of Alabama. Upon completion of the case and submission the case upon the evidence and testimony presented, the Court found that the State failed to meet its burden and the matters were dismissed with prejudice, a ruling favorable to the Plaintiff and adverse to the Defendants.

## Count I
### Malicious Prosecution

17. Plaintiff incorporate by reference paragraphs 1 through 16 as if restated herein.

18. Plaintiff avers that the Defendants, without probable cause therefore and with malicious intent, initiated against the Plaintiff a delinquency petition which was designated as case number 57-JU-2004-000644.03 in the Russell County, Alabama Juvenile Court.

19. Plaintiff avers that the Defendants made baseless and false claims against the Plaintiff and that these claims lacked probable cause.

20. Plaintiff avers that the petitions against her were resolved in her favor.

21. Plaintiff avers that as a proximate result of the Defendants' willful and malicious prosecution of a baseless criminal action against her was caused to suffer humiliation, embarrassment, damage to her reputation, physical bruising caused in the arrest and attorney fees expended defending the malicious prosecution action. Accordingly, Plaintiff claims compensatory damages suffered as a proximate cause of the actions of Defendants.

22. Plaintiff claims punitive damages due to the malicious nature of the Defendants' conduct.

**WHEREFORE,** Plaintiff demands judgment against Defendants in the sum of One Hundred Thousand ($100,000.00) Dollars, plus punitive damages and costs.

## Count II
### Malicious Prosecution

23. Plaintiff incorporate by reference paragraphs 1 through 22 as if restated herein.

24. Plaintiff avers that the Defendants, without probable cause therefore and with malicious intent, initiated against the Plaintiff a delinquency petition which was designated as case number 57-JU-2004-000644.04 in the Russell County, Alabama Juvenile Court.
25. Plaintiff avers that the Defendants made baseless and false claims against the Plaintiff and that these claims lacked probable cause.
26. Plaintiff avers that the petitions against her were resolved in her favor.
27. Plaintiff avers that as a proximate result of the Defendants' willful and malicious prosecution of a baseless criminal action against her was caused to suffer humiliation, embarrassment, damage to her reputation, physical bruising caused in the arrest and attorney fees expended defending the malicious prosecution action. Accordingly, Plaintiff claims compensatory damages suffered as a proximate cause of the actions of Defendants.
28. Plaintiff claims punitive damages due to the malicious nature of the Defendants' conduct.

**WHEREFORE,** Plaintiff demands judgment against Defendants in the sum of One Hundred Thousand ($100,000.00) Dollars, plus punitive damages and costs.

## Count III
### Assault

29. Plaintiff incorporate by reference paragraphs 1 through 28 as if restated herein.
30. Plaintiff avers that the Defendants did, on or about the 18th day of September, 2017, without cause, with malice of forethought and willful intent, commit an assault and battery upon the person of the Plaintiff by physically grabbing her, pulling her from an automobile and throwing her to the ground.
31. Plaintiff as a proximate result of the Defendants' willful and malicious action was caused to suffer damage. Accordingly, Plaintiff claims compensatory damages suffered as a proximate cause of the actions of Defendants.
32. Plaintiff claims punitive damages due to the malicious nature of the Defendants' conduct.

**WHEREFORE,** Plaintiff demands judgment against Defendants in the sum of One Hundred Thousand ($100,000.00) Dollars, plus punitive damages and costs.

## Count IV
### Assault

33. Plaintiff incorporate by reference paragraphs 1 through 32 as if restated herein.

34. Plaintiff avers that the Defendants did, on or about the 18th day of September, 2017, without cause, with malice of forethought and willful intent, commit an assault and battery upon the person of the Plaintiff by spraying her with a chemical/pepper spray substance in her eyes and on and about the skin of her face and upper body causing severe pain and discomfort.

35. Plaintiff as a proximate result of the Defendants' willful and malicious action was caused to suffer damage. Accordingly, Plaintiff claims compensatory damages suffered as a proximate cause of the actions of Defendants.

36. Plaintiff claims punitive damages due to the malicious nature of the Defendants' conduct.

**WHEREFORE,** Plaintiff demands judgment against Defendants in the sum of One Hundred Thousand ($100,000.00) Dollars, plus punitive damages and costs.

## Count V

### False Imprisonment Action

37. Plaintiff incorporate by reference paragraphs 1 through 36 as if restated herein.

38. On or about the 18th day of September, 2017, the Defendants in Russell County, Alabama did unlawfully detain the Plaintiff against the Plaintiff's will and imprison the Plaintiff under the following conditions: by physically restraining the minor for an unreasonable long time and did unlawfully arrest and imprison the Plaintiff thereby depriving her of her liberty.

39. Plaintiff as a proximate result of the Defendants' willful and malicious action was caused to suffer damage. Accordingly, Plaintiff claims compensatory damages suffered as a proximate cause of the actions of Defendants.

40. Plaintiff claims punitive damages due to the malicious nature of the Defendants' conduct.

**WHEREFORE,** Plaintiff demands judgment against Defendants in the sum of One Hundred Thousand ($100,000.00) Dollars, plus punitive damages and costs.

## Count VI

### CIVL RIGHTS VIOLATION

41. Plaintiff incorporate by reference paragraphs 1 through 40 as if restated herein.

42. This claim is brought pursuant to 42 USC §1983

43. On or about the 18th day of September, 2017, the Defendants in Russell County, Alabama, while acting under color of a statute, ordinance, regulation, custom, or usage, of the State of Alabama and the City of Phenix City, did violate the constitutional protections afforded the

Plaintiff by the 4th Amendment to the United States Constitution by unlawfully detaining the Plaintiff and restricting her liberty and freedom.

44. Plaintiff as a proximate result of the Defendants' willful and malicious action was caused to suffer damage. Accordingly, Plaintiff claims compensatory damages suffered as a proximate cause of the actions of Defendants.

45. Plaintiff claims punitive damages due to the malicious nature of the Defendants' conduct.

**WHEREFORE,** Plaintiff demands judgment against Defendants in the sum of One Hundred Thousand ($100,000.00) Dollars, plus punitive damages and costs.

## Count VII
## CIVL RIGHTS VIOLATION

46. Plaintiff incorporate by reference paragraphs 1 through 40 as if restated herein.

47. This claim is brought pursuant to 42 USC §1983

48. On or about the 18th day of September, 2017, the Defendants in Russell County, Alabama, while acting under color of a statute, ordinance, regulation, custom, or usage, of the State of Alabama and the City of Phenix City, did violate the constitutional protections afforded the Plaintiff by the 4th Amendment to the United States Constitution by unlawfully seizing and searching the Plaintiff's phone.

49. Plaintiff as a proximate result of the Defendants' willful and malicious action was caused to suffer damage. Accordingly, Plaintiff claims compensatory damages suffered as a proximate cause of the actions of Defendants.

50. Plaintiff claims punitive damages due to the malicious nature of the Defendants' conduct.

**WHEREFORE,** Plaintiff demands judgment against Defendants in the sum of One Hundred Thousand ($100,000.00) Dollars, plus punitive damages and costs.

**RESPECTFULLY SUMITTED** this 30th day of May, 2018.

*/s/ Eric B. Funderburk*
ERIC B. FUNDERBURK (FUN003)
Funderburk and Lane
Post Office Box 1268
Phenix City, Alabama 36868
(334) 297-2900
*Attorney for Plaintiff*

## JURY DEMAND

**Plaintiff demands a trial by Jury.**

                                                        FUNDERBURK & LANE

                                                       ***/s/ Eric B. Funderburk***
                                                       ERIC B. FUNDERBURK (FUN003)
                                                       Post Office Box 1268
                                                       Phenix City, Alabama 36868
                                                       (334) 297-2900
                                                       *Attorney for Plaintiff*

**Defendants may be by Sheriff at:**

**City of Phenix City, Alabama**
**c/o Wallace Hunter, City Manager**
**Their Agent of Service**
**Municipal Building**
**601 12th Street**
**Third Floor**
**Phenix City, AL 36867**

**Officer Jay Geiger**
**c/o Chief Ray Smith**
**Chief of Police**
**Phenix City Police Department**
**1111 Broad Street**
**Phenix City, AL 36867**